JAMAICA NATIONAL BANK OF NEW YORK, Plaintiff, v. BEATRICE BACH and HARRY BACH, Respondents, and BENJAMIN B. WESLEY, Defendant and Assignee of Plaintiff JAMAICA NATIONAL BANK OF NEW YORK, Appellant.— Appeal from an order granting motion of the respondent Beatrice Bach to quash an execution issued against her property by the appellant Wesley, as assignee of a judgment obtained by a bank against the defendants Bach and Wesley. Order affirmed, with ten dollars costs and disbursements. The rights which vest in Wesley, the assignee of the judgment, arise as a consequence of the equitable principle of subrogation. The showing on this motion disclosed that there is a disputed question of fact in respect of equities claimed to exist in favor of Beatrice Bach as against Wesley. Hence it would be inequitable to permit Wesley to issue execution on the judgment which he obtained by assignment from the bank. Wesley has an adequate remedy by action for the money paid by him, or upon the judgment of which he is an assignee. In such an action the claimed equities of Beatrice Bach can be asserted and disposed of. Appeal from order denying reargument dismissed as not appealable. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

ELLEN ANNA KIERNAN, as Administratrix, etc., of THOMAS W. KIERNAN, Deceased, Appellant, v. REID'S UNION DAIRY, INC., and PETER MONTEMARANO, Respondents.— In an action to recover damages for the death of plaintiff's intestate as the result of injuries sustained in a collision between two automobiles, judgment was entered on the verdict of a jury in favor of the defendants. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

ELIZABETH KRTIL, as Administratrix, etc., of JOHN KRTIL, Deceased, Respondent, v. THE CITY OF NEW YORK, Appellant.— In an action to recover damages for the death of plaintiff's intestate, caused by injuries he suffered when the car he was operating collided with a truck owned by the defendant and parked in a public street, the plaintiff has recovered a judgment from which defendant appeals. Judgment, as resettled, unanimously affirmed, with costs. The questions of negligence on the part of the defendant and contributory negligence upon the part of the plaintiff's intestate were properly submitted to the jury and we cannot say that the verdict is against the weight of the evidence on either phase. Under circumstances disclosed by the record we cannot say as a matter of law that subdivision 3 of section 15 of the Vehicle and Traffic Law was violated. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.